IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:15-CR-3065 |
| vs. | PRELIMINARY ORDER OF FORFEITURE |
| BRANDON L. BJORKMAN, | |
| Defendant. | |

This matter is before the Court on the plaintiff's Motion for Preliminary Order of Forfeiture (filing 35). Count II of the superseding indictment in this case (filing 15) charged the defendant with knowingly possessing a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). The indictment contained a forfeiture allegation that sought the forfeiture pursuant to 18 U.S.C. § 2253 of a home-built black AZZA desktop computer without a serial or model number. Filing 15.

The defendant has pled guilty to Count II of the superseding indictment and admitted the forfeiture allegation. Filings 29 and 33. By virtue of pleading guilty to the charge and admitting the forfeiture allegation, the defendant has forfeited his interest in the property, and the plaintiff should be entitled to possession of the property pursuant to 18 U.S.C. § 2253. Therefore, the plaintiff's Motion for Preliminary Order of Forfeiture is granted.

IT IS ORDERED:

1. The plaintiff's Motion for Preliminary Order of Forfeiture (filing 35) is granted.

2. Based upon the defendant's guilty plea and admission of the forfeiture allegation of the indictment, the plaintiff is authorized to seize the home-built black AZZA desktop computer without a serial or model number.

3. The defendant's interest in the property is forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 18 U.S.C. § 2253.

4.  The property is to be held by the plaintiff in its secure custody and control.

5.  Pursuant to 18 U.S.C. § 2253, the plaintiff shall publish for at least 30 consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6.  Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property and any additional facts supporting the petitioner's claim and relief sought.

7.  The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property as a substitute for published notice as to those persons so notified.

8.  Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 18 U.S.C. § 2253, in which all interests will be addressed.

Dated this 11th day of March, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge